UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK BANKS,<br><br>    Petitioner,<br><br>    v.<br><br>CAPACCIO, et al.,<br><br>    Respondents. | Civil Action<br>No. 22-2154 (CPO)<br><br><br>**OPINION AND ORDER** |

**O'HEARN, District Judge.**

Before the Court is Petitioner's motion to vacate this Court's earlier Order which terminated the case for Petitioner's failure to pay the requisite filing fees. (ECF No. 3.) As there is no final judgment in this matter, the Court will construe the motion as a motion for reconsideration.[1] Petitioner appears to argue that because he is requesting[2] that the late United States Senator Bob Dole conduct an investigation regarding his "supervised release recommendations," that this action is "criminal in nature." (*Id.* at 1.) As a result, Petitioner contends that he does not need to pay the filing fee for the mandamus portion of this action.

The Court disagrees. Plaintiff cannot initiate a criminal action or "bring criminal charges in this Court; that power lies solely with the executive branch." *E.g.*, *Telfair v. Post*, No. 18-3842,

---

[1] Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[2] Petitioner fails to address his other mandamus requests that are analogous to civil claims, such as seeking declaratory and injunctive relief against the Defendants for violating his constitutional and statutory rights.

2018 WL 3054679, at *12 (D.N.J. June 20, 2018); *see also Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019).

As Petitioner's filing remains a civil action, he must pay the filing fee or apply to proceed *in forma pauperis*, to proceed with this type[3] of mandamus petition under 28 U.S.C. § 1361. *E.g.*, *Banks v. Langford*, No. 16-4176, 2016 WL 3769351, at *2 (D.N.J. July 14, 2016); *Roudabush v. Mensah*, No. 15-8110, 2016 WL 952336, at *3 (D.N.J. Mar. 14, 2016) (collecting cases); *Hamani v. Dir. Fed. Bureau of Prisons*, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (collecting cases) ; *Keys v. Dep't of Justice*, No. 08-02239, 2009 WL 648926, at *2 (M.D. Pa. Mar. 10, 2009). Consequently, Petitioner has failed to demonstrate that this Court's earlier decision warrants reconsideration, and the Court will deny Petitioner's motion. Accordingly,

IT IS, on this 25th day of October 2022,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest filings; and it is further

**ORDERED** that Petitioner's motion to vacate, (ECF No. 3), is DENIED; and it is further

---

[3] "In this case, the pending [mandamus] petition under § 1361 does not relate to a judge conducting a criminal trial," nor is it a petition under § 1651(a), which seeks a district court to promptly act upon a pending habeas petition. *Banks*, 2016 WL 3769351, at *2. "Rather, it seeks relief analogous to a civil complaint, *i.e.*[,] specific action on the part of the named Respondents," such as the return of his property, conducting an investigation, or a declaration that Respondents violated his rights. *Banks*, 2016 WL 3769351, at *2.

To be clear, this Court has not held that the $402 filing and administrative fees apply to Petitioner's request for release and related issues. The Court has construed those requests to be part of the habeas portion of this case. If Petitioner files his habeas claims on the proper form, the Court will sever those claims and require Petitioner to pay the habeas filing fee of $5 or apply to proceed *in forma pauperis* in the new case.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail and once again TERMINATE this case.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
